UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

EARNISTINE WATSON,

        Plaintiff,        CIVIL NO.: _____

v.

SUPERIOR ASSET MANAGEMENT, INC.,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Earnestine Watson (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Superior Asset Management, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 19361 US Highway 19 North, Suite 100 Clearwater, FL 33764 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. On December 9, 2010, Defendant called Plaintiff. Defendant left a message for "Aline Smith." This message did not identify the caller. The message did, however, acknowledge that the call was from a debt collector and for the purpose of collecting a debt.

7. On January 17, 2011, Defendant called Plaintiff. Defendant again left a message for Aline Smith. Defendant again failed to identify itself. The message did, however, acknowledge that the call was from a debt collector and was for the purpose of collecting a debt.

8. Plaintiff answered one call from Defendant, informed them she does not know anyone named Aline Smith, and requested that Defendant cease calling Plaintiff with respect to Aline Smith's alleged debt.

9. Defendant subsequently called Plaintiff's telephone numerous times requesting to speak with Aline Smith.

10. The conduct of Defendant is a violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), and 1692d.

**Respondeat Superior Liability**

11. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

12. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

13. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

14. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

15. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

16. Defendant's negligent and/or intentional acts resulted in the violation of

3

numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

23.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

24.  Defendant's repeated and unlawful attempts to collect a debt allegedly owed by a person other than Plaintiff, and despite Plaintiff's efforts to

communicate that Aline Smith has no relationship of any kind to Plaintiff, resulted in intentional and/or negligent interference with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

25. Defendant's conduct invaded and intruded upon Plaintiff's rights to privacy.

26. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

27. As a result of the numerous intrusions and invasions of Plaintiff's privacy by Defendant, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

28. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

29. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

30. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

## **COUNT II.**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

31. For an award of actual damages for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial; and

32. For such additional relief as this Court finds just and proper.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  May 26, 2011

  s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com